THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00332-MR-DLH

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ) HOWARD JACOBS, et al., ) ) Defendants. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Howard Jacobs's Motion to Decline Jurisdiction, or, Alternatively, to Stay Proceedings [Doc. 47].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff American Automobile Insurance Company ("AAIC") initiated this action on December 16, 2011 against the Defendants Howard Jacobs ("Jacobs"), James Armour ("Armour") and 4449 Holdings, LLC ("4449 Holdings").[1] In its Complaint, AAIC seeks a declaratory judgment of its obligation to indemnify Jacobs under two personal homeowners policies

---

[1] Armour and 4449 Holdings were subsequently dismissed from this action.

issued to Jacobs on a dwelling in North Carolina in connection with a private arbitration proceeding initiated by Armour and 4449 Holdings against Jacobs in the State of Florida. [Doc. 1]. In the arbitration proceeding, Armour and 4449 Holdings have asserted claims against Jacobs, including claims for breach of contract and negligent misrepresentation, arising from misrepresentations and omissions allegedly made by Jacobs in the course of selling a residence in Sarasota, Florida ("the Florida residence").

After receiving three extensions of time to answer or otherwise respond to AAIC's Complaint, Jacobs filed a Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue on March 12, 2012. [Doc. 26]. On September 27, 2012, the Magistrate Judge entered a Memorandum and Recommendation recommending that the Motion to Dismiss be denied. [Doc. 35]. No objections were filed to the Memorandum and Recommendation, and on October 18, 2012, the Court accepted the Magistrate Judge's recommendation and denied the Motion to Dismiss. [Doc. 36]. Jacobs filed his Answer to the Complaint on November 5, 2012. [Doc. 37]. A Pretrial Order/Case Management Plan was entered on November 21, 2012.

On January 25, 2013, Jacobs filed the present Motion, seeking dismissal of the Complaint on the grounds that the action is premature; that consideration of the factors identified in <u>Centennial Life Insurance Co. v. Poston</u>, 88 F.3d 255 (4th Cir. 1996) warrants a dismissal; and that dismissal of this action would "promote judicial economy, avoid piecemeal litigation, and minimize the possibility of inconsistent rulings by and between this Court and the presiding Arbitration Panel." [Doc. 47 at 1-2].

II.  **DISCUSSION**

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant.'"  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting <u>Pub. Serv. Comm'n of Utah v. Wycoff Co.</u>, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).  Thus, the decision to hear a federal declaratory judgment action is within the court's discretion.  <u>Minn. Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP</u>, 335 F. App'x 698, 701

(4th Cir. 2009). The Fourth Circuit has offered the following guidance for a court exercising that discretion:

> We have explained that a declaratory judgment "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting Centennial Life Ins. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996)) (alteration in original).

Generally speaking, a dispute regarding an insurer's duty to indemnify is not ripe for decision until the underlying issue of liability has been adjudicated. "[A]n insurer's duty to indemnify generally is not ripe for decision until the insured has been called on to pay – for until then the precise ground of liability, and thus the relation of the insured's liability to the policy's coverage and exclusions, is uncertain." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 537-38 (7th Cir. 2006); Bankwest v. Fidelity & Deposit Co. of Md., 63 F.3d 974, 981-82 (10th Cir. 1995); Nationwide Ins. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995); Sphere Drake, P.L.C. v. 101 Variety, Inc., 35 F.Supp.2d 421, 430-31 (E.D. Pa. 1999); Allstate Indem. Co. v. Lewis, 985 F.Supp. 1341, 1349 (M.D. Ala. 1997); accord Waste

4

Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986) ("An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings; its duty to pay is measured by the facts ultimately determined at trial."). "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001). "The only exception to this general principle is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify. In such a situation, the court could adequately assess the duty to indemnify prior to a conclusion on the merits of the underlying litigation." Id. (internal citations omitted).

Here, AAIC's declaratory judgment action requires the resolution of factual questions which are at the center of the arbitration proceeding, namely, whether Jacobs's conduct caused damage to Armour and 4449 Holdings, and if so, the legal basis for Jacobs's liability. Only once these determinations are made can this Court then determine whether Jacobs's conduct constitutes an "occurrence" with resulting "property damage" within the meaning of the policies. See Zavalis, 52 F.3d at 693 (affirming

dismissal without prejudice of declaratory judgment action regarding insurance coverage where liability of insured in the underlying suit had yet to be determined). Moreover, it is entirely possible that the arbitration panel may determine that Jacobs is not liable to these parties at all under any theory of liability, in which case the present declaratory judgment action would be rendered moot. "For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Lewis, 985 F.Supp. at 1350.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Decline Jurisdiction, or, Alternatively, to Stay Proceedings [Doc. 47] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** with leave to re-file the action in the event that Jacobs is found liable in the underlying arbitration proceeding or the arbitrating parties otherwise settle the matter.

Signed: June 10, 2013

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge